IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL DOUGHERTY § | |
| *Plaintiff* § | |
| § | |
| v. § | Civil Action No.: 2:23-cv-3356 |
| § | |
| UNITED SERVICES AUTOMOBILE § | |
| ASSOCIATION § | |
| *Defendant.* § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Michael Dougherty ("Plaintiff") complaining of United Services Automobile Association ("Defendant"), and respectfully shows as follows:

**I.
PARTIES**

1. Plaintiff is an individual and a citizen of the State of Louisiana residing within the geographic boundaries of the United States District Court for the Eastern District of Louisiana.

2. Defendant is an insurance company engaging in the business of insurance in the State of Louisiana, and may be served with process through its designated agent for service: Louisiana Secretary of State, attention: Legal Services Section, 8585 Archives Ave., Baton Rouge, Louisiana 70809 or P.O. Box 94125, Baton Rouge, LA 70804-9125.

**II.
JURISDICTION AND VENUE**

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties, and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4. Plaintiff is a citizen of the State of Louisiana.

5. Defendant is an insurance company organized under the laws of the State of Texas, having its principal place of business in Texas. Accordingly for purposes of diversity jurisdiction, Defendant is a citizen of Texas.

6. The court has jurisdiction over Defendant because Defendant engages in the business of insurance in Louisiana, because Plaintiff's causes of action arise out of Defendant's business activities in Louisiana, and because Defendant maintains sufficient minimum contacts in Louisiana such as the exercise of jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice.

7. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District, because the property at issue in this lawsuit is located within this District and because Defendant has engaged in business within this District.

## III.
## CONDITIONS PRECEDENT

8. All conditions precedent to suit or payment under the insurance policy at issue in this lawsuit have been satisfied by Plaintiff, excused, or waived by Defendant, or Plaintiff is excused from performance due to Defendant's prior breach of the policy. Defendant has not been prejudiced by Plaintiff's actions, inactions, or delays, if any. Any failures by Plaintiff to satisfy any conditions precedent have not prejudiced the Defendant in this case.

## IV.
## FACTS

9. This is a Hurricane Ida first party insurance property damage claim.

   **A. The Property and the Policy.**

10. Plaintiff owns a residential property located at 233 Lakewood Drive, Houma, LA 70360 (the "Property"). At all times materials to the issues raised in this Complaint, the Property was insured by insurance policy number 01862840081A (the "Policy") issued by Defendant. Plaintiff is the owner of the Policy and the named insured under the Policy.



**The Property**

### B. Hurricane Ida Damaged the Property.

11. On or about August 29, 2021, Hurricane Ida struck the Property causing substantial damage to the Property covered by the Policy.

### C. The Claim and Defendant's Failures to Properly Handle the Claim.

12. Promptly after Hurricane Ida, Plaintiff made a claim with Defendant for damages to the Property caused by Hurricane Ida. Defendant assigned claim number 018628400-005 (the "Claim") and began its investigation of the Claim.

13. To the extent Defendant engaged any outside consultants, field adjusters, engineers or any other such persons to assist Defendant with its handling of the Claim, each such entity and persons were acting as Defendant's agents in the course and scope of their agency with Defendant. Accordingly, Defendant is liable for their acts and omissions.

14. On September 10, 2021, USAA estimated that the Replacement Cost Value to repair the Hurricane Ida damage to the Property was $25,835.85. USAA then deducted recoverable depreciation as well as the deductible and issued payment in the amount of $11,728.34. On December 23, 2021, USAA issued a second payment in the amount of $284.80 for payment to cover the roof supplement. However, as discussed below, the amount of my clients' actual covered damages substantially exceeded the value USAA placed on the Claim. Defendant's final valuation of the Claim grossly underestimated the actual cost to repair the covered damage to the Property.

15. Plaintiff presented a claim under the Policy for damages caused by Hurricane Ida. It was Defendant's responsibility, not Plaintiff's, to adjust the Claim fairly and promptly and to make a reasonable effort to settle the Claim. Defendant failed to comply with Louisiana law and has grossly undervalued the amount of Plaintiff's covered losses. To date, almost two years after Plaintiff's Property was severely damaged by Hurricane Ida, Defendant continues to delay and undervalue the Claim and has yet to make full payment as owed under the Policy to Plaintiff.

### D. Plaintiff is Forced to Adjust Plaintiff's Own Claim and Provided Defendant a Second Bite at the Apple in an attempt to resolve Plaintiff's Claim without Litigation.

16. Although, Defendant no doubt received *satisfactory proof of loss* (as that term is used and understood under Louisiana law) during its investigation and adjustment of the Claim, Defendant's gross undervaluation of the Claim forced Plaintiff to retain attorneys and its own expert(s) to assist with the Claim. Plaintiff worked with Plaintiff's counsel and Plaintiff's own experts to prepare a comprehensive *Proof of Loss and Settlement Demand* package which Plaintiff provided to Defendant before filing this lawsuit to provide Defendant an opportunity to resolve Plaintiff's

Claim without litigation. This demand package provided a detailed outline of Plaintiff's claims and damages, quantified Plaintiff's losses on the Claim and included supporting evidence such as estimates, photographs and/or repair receipts. Despite Plaintiff's good faith effort to give Defendant a second (if not third or fourth) bite at the apple to resolve Plaintiff's Claim, Defendant failed to make a written offer to settle Plaintiff's Claim within thirty days after receiving satisfactory proof of loss and Defendant's failure was arbitrary, capricious and/or without probable cause.

## V.
## CAUSES OF ACTION

17. Plaintiff incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

### A. Breach of Contract

18. Plaintiff's Policy is a valid, binding and enforceable contract between Plaintiff and Defendant. Defendant breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Louisiana law. Defendant's breach proximately caused Plaintiff's injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendant is estopped from raising this issue due to Defendant's prior breach of the contract.

### B. Bad Faith and Violations of LSA-R.S. §22:1892 and §22:1973.

19. Defendant's actions described herein were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendant liable for statutory bad faith penalties.

20. La. Rev. Stat. § 22:1892 mandates that an insurer, like Defendant, must make a written settlement offer and pay the amount due any insured within 30 days after receipt of a satisfactory proof of loss from the insured. It further states that failure to make such payment subjects the insurer to a penalty, in addition to the amount of the loss, of fifty percent (50%) damages on the amount due from the insurer to the insured, as well as reasonable attorney's fees and costs to be awarded to Plaintiff.

21. La. Rev. Stat. § 22:1973 imposes on insurers in first party claims a duty of good faith and fair dealing which includes an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with insureds. Section 1973 makes any misrepresentation of

pertinent facts a breach of that duty of good faith and fair dealing. Section 1973 also requires payment of any claim due an insured within 60 days of proof of loss. Any insurer who breaches the obligations imposed by Section 1973 is liable for damages sustained as a result of the breach as well as a penalty of up to two-times the damages sustained.

22. Louisiana law requires that an insurer unconditionally tender the amounts due an insured in order to satisfy its payment obligations under the above-referenced statutes. More than 60 days has passed since Defendant was presented with Plaintiff's satisfactory proof of loss and Defendant still has not made an unconditional tender of the amounts owed. Defendant has clearly violated RS 22:1973.

23. In addition to the amount of the actual loss owed, Defendant is also liable to Plaintiff for a penalty of fifty (50%) of the amount due, as well as reasonable attorney's fees and costs, based on Defendant's failure to make a written settlement offer and to unconditionally tender the amounts owed to Plaintiff within 30 days after its receipt of the satisfactory proof of loss—Defendant's failure to do so was arbitrary, capricious, or without probable cause.

24. Defendant is and continues to be in violation of both Louisiana Revised Statutes 22:1892 and 22:1973 and is liable to Plaintiff for damages, statutory penalties, attorney's fees, interest and costs.

## VI.
## DAMAGES

25. Plaintiff brings suit for all damages available under Louisiana law.

26. As a result of the actions of Defendant, Plaintiff has suffered the following nonexclusive list of past, present, and future damages, in amounts reasonable in the Property:

 a) Damage to the home and other structures located at the Property;

 b) Mitigation, remediation and repair costs;

 c) Diminution in value;

 d) Lost and/or damaged personal property;

 e) Loss and damage due to delays and/or inability to make appropriate repairs as a result of inadequate insurance payments;

 f) Mental and emotional stress, distress, anguish and anxiety;

 g) Any and all other applicable damages covered under any of the applicable coverages afforded under the Policy's sub-coverage limits, including but not limited to demolition, debris removal, and increased cost of construction;

 h) Any and all other consequential damages caused by Defendant's breaches;

i) Attorney's fees and costs of these proceedings, and all other costs incurred prior to this litigation as a result of Defendant's breaches; and

j) Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

## VII.

## JURY DEMAND

27. Plaintiff hereby requests a trial by jury on all issues so triable.

## VIII.
## PRAYER

28. WHEREFORE, Plaintiff prays that Defendant be served with the instant Complaint and after all due delays and legal proceedings be had, there be judgment rendered herein in favor of Plaintiff and against Defendant finding Defendant in breach of both the insurance Policy and its statutory obligations and therefore, liable to Plaintiff for all amounts owed under the Policy, as well as statutory penalties and attorneys' fees, and all such damages as are reasonable in the premises, attorney's fees, interest, and costs under Louisiana Revised Statutes §22:1892 and §22:1973, and all general and equitable relief to which Plaintiff may be entitled.

Respectfully submitted,

**BOWLING CHRISTIANSEN LAW FIRM, APLC**

BY:  /S/ KATHERINE SEPCICH
Zachary R. Christiansen, ESQ. (344896)
Katherine E. Sepcich, ESQ. (40044)
1615 Poydras Street, Suite 1050
New Orleans, Louisiana 70112
Telephone: (504) 586-5200
Facsimile: (504) 586-5201
Email: kes@lawbowling.com
zrc@lawbowling.com